1  PAUL M. GLEASON (SBN: 155569)
   TOREY JOSEPH FAVAROTE (SBN: 198521)
2  JING TONG (SBN: 285061)
   GLEASON & FAVAROTE, LLP
3  4014 Long Beach Blvd., Suite 300
   Long Beach, California 90807
4  Telephone:  (213) 452-0510
   Facsimile:   (213) 452-0514
5  pgleason@gleasonfavarote.com
   tfavarote@gleasonfavarote.com
6  jtong@gleasonfavarote.com

7  Attorneys for Defendant
   TRANSDEV BUSINESS SOLUTIONS INC.

8

9

10           **UNITED STATES DISTRICT COURT**

11          **NORTHERN DISTRICT OF CALIFORNIA**

12

13

14  RODERICK MALONE, an individual,          )  Case No. 3:20-CV-3862
                                             )
15          Plaintiff,                       )  State Court Case No. 20-CIV-01761
                                             )
16      vs.                                  )  **NOTICE OF REMOVAL OF**
                                             )  **DEFENDANT TRANSDEV**
17                                           )  **BUSINESS SOLUTIONS, INC.**
    TRANSDEV BUSINESS                        )
18  SOLUTIONS INC., a Delaware               )
    Corporation; and DOES 1-50,             )  [28 U.S.C. §§ 1332, 1441, and 1446
19  inclusive,                               )  DIVERSITY]
                                             )
20          Defendants.                      )
                                             )
21                                           )
                                             )  State Action Filed:  April 24, 2020
22                                           )  Trial Date:           None
                                             )
23                                           )
                                             )
24                                           )
                                             )
25  _____         )

26  / / /

27  / / /

28  / / /

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF RODERICK MALONE, AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that defendant TRANSDEV BUSINESES SOLUTIONS INC. ("Defendant") hereby removes the above-referenced action from the Superior Court of the State of California for the County of San Mateo to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections 1332, 1441, and 1446.

This Notice is based upon the original jurisdiction of the federal district court over the parties based upon the existence of diversity under 28 U.S.C. sections 1332, 1441, and 1446. Defendant makes the following allegations in support of its Notice of Removal:

## JURISDICTION

1.      This action is one over which this court has original jurisdiction under 28 U.S.C. section 1332 and is one which may be removed by Defendant pursuant to 28 U.S.C. sections 1441 and 1446. This is a civil action where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

2.      Venue is proper in this Court because this is the district court of the United States and division embracing the place where the state action is pending. 28 U.S.C. Section 1441 (a).

3.      On or about April 24, 2020, plaintiff Roderick Malone ("Plaintiff") filed an original complaint in the Superior Court of the State of California in the County of San Mateo, entitled <u>RODERICK MALONE, an Individual, v. TRANSDEV BUSINESS SOLUTIONS INC., a Delaware Corporation</u>; and DOES 1 through 50, as case number 20-CV-01761 (the "Complaint"), wherein he alleges causes of action for: (1) Violation of California Labor Code §432.7, et. seq.; (2) Violation of California Civil Code §1786 et. seq.; (3) Discrimination in Violation of

the FEHA; (4) Retaliation in Violation of the FEHA; (5) Failure to Prevent in Violation of the FEHA; (6) Violation of California Labor Code §1102.5, et. seq.; (7) Violation of California Labor Code §98.6, et. seq.; (8) Wrongful Termination in Violation of Public Policy; (9) Violation of California Labor Code §226; and (10) Violation of California Labor Code §1198.5. True and correct copies of the Summons, Complaint, Notice of Case Management Conference, and Civil Case Cover Sheet are attached to the Declaration of Jing Tong ("Tong Decl.") as **Exhibit A**.

4.     On May 12, 2020, Defendant was served with the Complaint.  A true and correct copy of the Service of Process Transmittal is attached as **Exhibit B** to the Tong Declaration.

5.     On June 10, 2020, Defendant filed an Answer to Plaintiff's Complaint in Superior Court, County of San Mateo.  A true and correct copy of the Answer is attached to Tong Decl. as **Exhibit C**.

6.     To Defendant's knowledge, no other papers or processes have been filed or received in this matter by Defendant.

## DIVERSITY JURISDICTION

7.     This action is one over which this court has original jurisdiction under 28 U.S.C. section 1332 and is one which may be removed by Defendant pursuant to 28 U.S.C. section 1441.  This is a civil action where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

8.     Plaintiff's Citizenship: As alleged in the complaint, "at all times mentioned herein, Plaintiff RODERICK MALONE was an individual and a resident of the State of California." (Tong Decl., **Exhibit A**, Complaint, pg. 1, para. 1.)  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile.  State Farm Mutual Auto Ins. Co. v.

1

2

_Dyer_, 19 F.3d 514, 520 (10th Cir. 1994).   Accordingly, Plaintiff is a citizen of the State of California.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

        9.    <u>Defendant's Citizenship</u>: Transdev Business Solutions Inc. was, at the time of the filing of the state court action, and remains a corporation incorporated under the laws of the State of Maryland, with its principal place of business in the State of Illinois.  (Declaration of Anna Hernandez ("Hernandez Decl."), ¶¶3-4; a true and correct copy of which is attached to the Tong Decl. as **Exhibit D**.)  Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The Supreme Court has established the proper test for determining the principal place of business of a corporation for purposes of diversity jurisdiction. <u>Hertz Corp. v. Friend</u>, 559 U.S. 777 (2010).  In <u>Hertz,</u> the Court held that "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." <u>Id.</u>  The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control and coordination…" <u>Id.</u> Defendant's headquarters, and their executive and senior management personnel as well as their primary management operations are both located in Illinois.  (Issacs Decl., ¶4.)  Moreover, the corporate officers of Transdev Business Solutions, Inc. actually direct, control and coordinate the corporation's activities from Transdev Business Solutions, Inc.'s offices in Illinois. <u>Id.</u>  The corporate human resources department, employee benefits department, legal department, procurement department, accounting department, and IT department utilized by Transdev Business Solutions, Inc. are located in Lombard, Illinois. <u>Id.</u>  Simply put, Defendant's center of "direction, control and coordination" is located in the State of Illinois; thus, for diversity purposes, Defendant must be considered a citizen of

28

**NOTICE OF REMOVAL OF DEFENDANT TRANSDEV BUSINESS SOLUTIONS, INC.**

Illinois and Maryland (its state of incorporation).  Accordingly, the Defendant is not a citizen of the State of California.

10.     The citizenship of fictitiously named "Doe" defendants is to be disregarded for the purposes of removal.  28 U.S.C. section 1441(a).

11.     There is complete diversity between Plaintiff and Defendant.

12.     For the above reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332, and which may be removed to this Court by Defendant pursuant to 28 U.S.C. Section 1441 based on diversity jurisdiction.

## AMOUNT IN CONTROVERSY

13.     This is a case in which the amount in controversy exceeds $75,000, exclusive of interest and costs.  Where (as here) the complaint does not allege a damage amount as to each claim, removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000.  Sanchez v. Monumental Life Ins. Co., 95 F.3d 856, 860 (9th Cir. 1996); Lucett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999).   In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees.  Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347-48 (1977); Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998); Anthony v. Security Pac. Fin'l Services, Inc., 75 F.3d 311, 315 (7th Cir. 1996).

14.     Plaintiff was terminated from his employment with Transdev on August 20, 2019.  (Issacs Decl., ¶5).  Plaintiff alleges "that Defendant wrongfully terminated Plaintiff on account of being charged with a crime that did not result in conviction and/or his race and/or in retaliation for making complaints about illegal activity and/or refusing to engage in illegal activity and/or protesting discrimination."  (Tong Decl., ¶2 **Exhibit A**; Complaint, pg. 4, para. 19.)  Plaintiff alleges as damages,

"earnings, and fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this court … and prejudgment interest," "general damages," "punitive damages," and "reasonable attorney's fees," (Tong Decl., ¶2 **Exhibit A**; Complaint, pg. 6, paras. 26-29, pgs. 8-9, paras. 36-39, pgs. 9-10, paras. 44-47, pgs. 11-12, paras. 51-54, pgs. 12-13, paras. 59-62, pgs. 14-15, paras. 69-72, pgs. 17-18, paras. 85-87, pg. 18, para. 91, pg. 19 para. 94.) Plaintiff further alleges that "Defendant is liable for a civil penalty of ten thousand dollars ($10,000) pursuant to California Labor Code §98.6(b)(1).  (Tong Decl. ¶2 **Exhibit A**; Complaint, pg. 16, para. 78.) Further, according to the "Prayer" in his Complaint, Plaintiff seeks the following damages from Defendant:

1.    For general damages according to proof;

2.    For special damages according to proof;

3.    For punitive damages;

4.    For medical expenses and related items of expense, according to proof;

5.    For loss of earnings, according to proof;

6.    For attorney's fees, according to proof;

7.    For civil penalties, according to proof;

8.    For prejudgment interest, according to proof;

9.    For costs and suit incurred herein; and

10.   For such other and further relief as the court deems just and proper.

(Tong Decl. ¶2 **Exhibit A**; pg. 19, paras. 1-10).

15.    Defendant will be able to establish the amount in controversy exceeds the jurisdictional limit.

16.    Here, Plaintiff's final bi-weekly pay was $2,136.75 (which equates to $1,068.38 per week).  (Hernandez, ¶5.)  Considering the "losses in earnings" and "other employment benefits," Plaintiff's economic damages from August 20, 2019 (the date of his termination) until trial, assuming a trial date of June 11, 2021 (which

is one year from the date that Defendant's Answer was filed) will exceed $100,427.25. ($1,068.38 x 94 weeks). (Hernandez Decl. ¶5.) In addition to his pay, Plaintiff also received health insurance benefits. Id. Plaintiff also alleges "reasonable medical expenses" as part of his damages. (Tong Decl. ¶2 **Exhibit A**; pg. 19, para. 4.)

17.   Plaintiff also seeks "general damages for such mental and physical distress and aggravation." (Tong Decl., ¶2 **Exhibit A**; pg. 6, para. 27, pg. 9, para. 37, pg. 10 para. 45, pg. 11 para. 52, pg. 13 para. 60, pg. 15 para. 70, and pg. 19, para. 1.) Damages for emotional distress "may be considered when calculating the amount in controversy even where not clearly pled in the complaint." Simmons v. PCR Technology, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002). It is recognized that "emotional distress damages in a successful employment discrimination case may be substantial." Id. at 1034.

18.   Plaintiff also seeks reasonable attorney's fees. (Tong Decl., ¶2 **Exhibit A**; **Exhibit A**; pg. 6, para. 29, pg. 9, para. 39, pg. 10, para. 46, pg. 11, para. 53, pg. 13, para. 61, pg. 15, para. 72, pg. 16, para. 79, pg. 18, para. 91, and pg. 19, para. 6.) The Ninth Circuit has held that attorney's fees may be included in the amount in controversy if recoverable by statute or contract. Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998). The court in the case of Simmons, 209 F.Supp.2d at 1034-35 stated that "[attorneys' fees] necessarily accrue until the action is resolved," and thus, the Ninth Circuit [in Galt] must have anticipated that district courts would project fees beyond removal." As such, the Simmons court held that the "measure of [attorneys'] fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." In fact, the court in Simmons noted that in its experience, "attorneys' fees for individual discrimination cases often exceed the damages."

19.   Even a conservative estimation of attorneys' fees in an employment case claiming statutory fees would support an amount in controversy that exceeds the

jurisdictional minimum.  See e.g. Lefkir v. Rancho Los Amigos/County of Los Angeles, BC 412351 (2010) (court awards plaintiff's attorney's fees in the amount of $171,918.)  Thus, Plaintiff's attorneys' fees (a figure which will necessarily accrue until the action is resolved), also establishes that the instant action presents an amount in controversy in excess of $75,000.00.

20.    Punitive damages are also included in calculating the amount in controversy if they are recoverable under state law.  Davenport v. Mutual Ben. Health & Acc. Ass'n, 325 F.2d 785, 787 (9th Cir. 1963); see also Richmond v. Allstate Ins. Co. 897 F.Supp. 447, 450 (S.D. Cal. 2003).  Plaintiff seeks punitive damages alleging that Defendant acted with "oppression, malice, and/or conscious disregard of Plaintiff's rights."  (Tong Decl., ¶ 2 **Exhibit A**; pg. 6, para. 28, pg. 9, para. 38, pg. 10, para. 45, pg. 12, para. 54, pg. 13, para. 63, pg. 15, para. 71, pgs. 17-18, para. 87, and pg. 19, para. 3.) If Plaintiff succeeds in establishing these allegations, he would be entitled to punitive damages under California Civil Code section 3294.  California law does not provide specific monetary limitations on the amount of punitive damages that may be awarded under statute.  Rather the proper amount of punitive damages is determined based on the reprehensibility of the defendant's misdeeds – the ratio between compensatory and punitive damages, and the ratio between damages and defendant's net worth. Boyle v. Lorimar Productions, Inc. 13 F.3d 1357, 1359-60 (9th Cir. 1994).  Indeed, some courts have recognized that an award for punitive damages can be significant, and that in some cases, a punitive award itself could establish the amount in controversy.  See e.g. Aucino v. Amoco Oil Co., 871 F.Supp. 332, 334 (S.D. Iowa 1994) (concluding in a discrimination and wrongful termination case that the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct, and thus, the plaintiff's claim for punitive damages could alone exceed the jurisdictional minimum).

21.   Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party need only show that it is more likely than not that the plaintiff's claim exceeds the jurisdictional minimum.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir.1996).  See Simmons 209 F.Supp.2d at 1031-35 (finding that the plaintiffs alleged lost income of $25,600 at the time of removal included with unspecified amounts for medical expense damages, emotional distress damages, punitive damages, and attorney's fees anticipated to incur through trial, satisfy the amount in controversy required to establish diversity jurisdiction); White v. FCI USA, Inc. 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorney fees and punitive damages, was sufficient to exceed the $75,000 minimum amount in controversy required to establish diversity jurisdiction.)  Removal is therefore proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000.00.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996); Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).   In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees.  Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347-48 (1997); Galt G/S, 142 F.3d at 1155-56; Anthony v. Security Pac. Fin'l Services, Inc., 75 F.3d 311, 315 (7th Cir. 1996).

22.   Here, the combination of Plaintiff's claims for general damages, emotional distress, special damages, "loss earnings, deferred compensation, and other employment benefits," "medical expenses, and future medical expenses," costs incurred including reasonable attorney's fees, make it clear that the instant action presents an amount in controversy in excess of $75,000.  Plaintiff's claim for special damages, alone ($100,427.25) exceeds the $75,000 jurisdictional limit.

23.    Although Defendant vigorously denies all of Plaintiff's claims and contends that he is not entitled to recover any damages or other amounts in this matter whatsoever, if Plaintiff were to prevail, based on a conservative good-faith estimate of the value of the claims in this action, the amount in controversy requirement is satisfied.

## **THE REMOVAL IS TIMELY**

24.    As required by 28 U.S.C. section 1446 (d), this Notice of Removal is timely in that it has been filed within thirty (30) days of service of the Complaint.

25.    As required by 28 U.S.C. section 1446(d), a copy of this Notice will be filed with the Superior Court of the State of California in and for the County of San Mateo.

26.    As required by 28 U.S.C. section 1446(d), Defendant will give notice of this removal to Plaintiff through his attorneys of record.

WHEREFORE, having provided notice as required by law, the above-titled action should be removed from the Superior Court for the San Mateo to this Court.

Dated:  June 11, 2020
                                                    GLEASON & FAVAROTE, LLP
                                                    PAUL M. GLEASON
                                                    TOREY JOSEPH FAVAROTE
                                                    JING TONG

                                                    By:  /s/ Jing Tong
                                                           Jing Tong

                                                    Attorneys for Defendant TRANSDEV
                                                    BUSINESS SOLUTIONS, INC.

NOTICE OF REMOVAL OF DEFENDANT TRANSDEV BUSINESS SOLUTIONS, INC.

**PROOF OF SERVICE**

I, Linda Montemayor, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California.  I am over the age of 18 years and not a party to the within action.  My business address is Gleason & Favarote, LLP, 4014 Long Beach Boulevard, Suite 300, Long Beach, CA 90807.

On June 11, 2020, I served a copy(ies) of the following document(s):
**NOTICE OF REMOVAL OF DEFENDANT TRANSDEV BUSINESS SOLUTIONS, INC.**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Timothy J. Gonzales<br>D. Aaron Brock<br>BROCK & GONZALES, LLP<br>6701 Center Drive West, Ste, 610<br>Los Angeles, CA 90045<br>Tel: (310) 294-9595<br>Fax: (310) 961-3673<br>tg@brockgonzales.com<br>ab@brockgonzales.com | Attorneys for Plaintiff,<br>RODERICK MALONE | First Class Mail and Electronic Mail |

| | |
|---|---|
| ☒ | [BY MAIL]  I placed the sealed envelope(s) for collection and mailing by following the ordinary business practice of Gleason & Favarote, LLP, Long Beach, California. I am readily familiar with Gleason & Favarote, LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection. |
| ☒ | [BY ELECTRONIC SERVICE]  I hereby certify that the above-referenced document(s) were served electronically on the parties listed herein at their most recent known email address or email of record listed above. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and this declaration was executed on June 11, 2020, at Long Beach, California

_____
Linda Montemayor

1.
**PROOF OF SERVICE**