PAUL M. GLEASON (SBN: 155569)
TOREY JOSEPH FAVAROTE (SBN: 198521)
JING TONG (SBN: 285061)
GLEASON & FAVAROTE, LLP
4014 Long Beach Blvd., Suite 300
Long Beach, California 90807
Telephone:   (213) 452-0510
Facsimile:   (213) 452-0514
pgleason@gleasonfavarote.com
tfavarote@gleasonfavarote.com
jtong@gleasonfavarote.com

Attorneys for Defendant
TRANSDEV BUSINESS SOLUTIONS INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK MALONE, an individual, | Case No.    3:20-cv-3862 |
| Plaintiff, | State Court Case No. 20-CIV-01761 |
| vs. | **DECLARATION OF JING TONG IN SUPPORT OF TRANSDEV BUSINESS SOLUTIONS, INC.'S NOTICE OF REMOVAL** |
| TRANSDEV BUSINESS SOLUTIONS INC., a Delaware Corporation; and DOES 1-50, inclusive, | [28 U.S.C. §§ 1332, 1441, and 1446 DIVERSITY] |
| Defendants. | State Action Filed:   April 24, 2020<br>Trial Date:    None |

/ / /

/ / /

/ / /

I, Jing Tong, hereby declare and state as follows:

1.     I am an attorney licensed to practice in the state of California and I am admitted to practice before this Court. Except as to those matters stated on information and belief, I have direct and personal knowledge of the facts set forth herein and if called upon to do so, I could and would competently testify to the same.

2.     I am informed and believe that plaintiff Roderick Malone filed a Complaint against Transdev Business Solutions, Inc. ("Defendant") on April 24, 2020. A true and correct copy of the Summons, Complaint, Civil Case Cover Sheet and Notice of Case Management Conference, served on Defendant is attached hereto as **Exhibit A**.

3.     I am informed and believe that the Summons, Complaint, and Notice of Case Management Conference, Clerks Certificate of Service, Case Management Packet, ADR Information Sheet attached as Exhibit A was personally served on Defendant on May 12, 2020 at 11:06 a.m. Attached hereto as **Exhibit B** is a true and correct copy of the Service of Process Transmittal Defendant received.

4.     On June 11, 2020, Defendant filed an Answer to Plaintiff's Complaint in the Superior Court, County of San Mateo. A true and correct copy is attached hereto as **Exhibit C**.

5.     No other pleadings, process and/or orders were served upon or by Defendant in the state court action.

6.     Attached hereto as **Exhibit D** is the declaration of Anna Fuentes, Director of Human Resources for Transdev Services, Inc., in support of Transdev's Notice of Removal.

/ / /
/ / /
/ / /
/ / /
/ / /

DECLARATION OF JING TONG IN SUPPORT OF TRANSDEV BUSINESS SOLUTIONS, INC.'S NOTICE OF REMOVAL

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct, and that this declaration is made and executed on June 11, 2020, at Long Beach, California.

By: /s/ Jing Tong
Jing Tong

**DECLARATION OF JING TONG IN SUPPORT OF TRANSDEV BUSINESS SOLUTIONS, INC.'S NOTICE OF REMOVAL**

EXHIBIT A

1000
5.12

# SUMMONS
## (CITATION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON 4/24/2020
By /s/ Mia Marlowe
Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TRANSDEV BUSINESS SOLUTIONSINC., a Delaware Corporation;
and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RODERICK MALONE, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: SUPERIOR COURT OF THE STATE OF CALIFORNIA *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 20-CIV-01761 |
|---|---|

FOR THE COUNTY OF SAN MATEO
400 County Center, Redwood City, CA 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Brock & Gonzales LLP, 6701 Center Drive West, Ste. 610, Los Angeles, CA 90045, (310) 294-9595

| DATE: *(Fecha)* 4/24/2020 | Neal I. Taniguchi | Clerk, by *(Secretario)* /s/ Mia Marlowe | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* TRANSDEV BUSINESS SOLUTIONS INC., A DELAWARE CORPORATION

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.    [Print this form]   [Save this form]    [Clear this form]

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON          4/24/2020
By          /s/ Mia Marlowe
              Deputy Clerk

**BROCK & GONZALES, LLP**
6701 CENTER DRIVE WEST, STE. 610
LOS ANGELES, CA 90045
Tel: (310) 294-9595
Fax: (310) 961-3673
TIMOTHY J. GONZALES, STATE BAR NO. 234923
D. AARON BROCK, STATE BAR NO. 241919

Attorneys for Plaintiff
RODERICK MALONE

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN MATEO

| | |
|---|---|
| RODERICK MALONE, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TRANSDEV BUSINESS SOLUTIONS INC., a Delaware Corporation; and DOES 1-50, inclusive,<br><br>　　　　　Defendants. | Case No.: 20-CIV-01761<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **VIOLATION OF CALIFORNIA LABOR CODE §432.7, ET SEQ.;**<br>2. **VIOLATION OF CALIFORNIA CIVIL CODE §1786, ET SEQ.**<br>3. **DISCRIMINATION IN VIOLATION OF THE FEHA;**<br>4. **RETALIATION IN VIOLATION OF THE FEHA;**<br>5. **FAILURE TO PREVENT IN VIOLATION OF THE FEHA;**<br>6. **VIOLATION OF CALIFORNIA LABOR CODE §1102.5, ET SEQ.;**<br>7. **VIOLATION OF CALIFORNIA LABOR CODE §98.6, ET SEQ.;**<br>8. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br>9. **VIOLATION OF CALIFORNIA LABOR CODE §226; and**<br>10. **VIOLATION OF CALIFORNIA LABOR CODE §1198.5.**<br><br>**DEMAND FOR JURY TRIAL** |

1

COMPLAINT FOR DAMAGES

1   Plaintiff RODERICK MALONE hereby brings his employment complaint, demanding a

2   trial by jury against the above-named Defendants and states and alleges as follows:

3   **THE PARTIES**

4   1.   At all times mentioned herein, Plaintiff RODERICK MALONE was an individual

5   and a resident of the State of California.

6   2.   At all times mentioned herein, Defendant TRANSDEV BUSINESS SOLUTIONS

7   INC. was a Delaware Corporation, doing business in the State of California, County of San

8   Mateo, at 160 S. Linden Ave., Suite 300, South San Francisco, CA 94080. At the time the causes

9   of action arose, Defendant was Plaintiff's employer.

10  3.   The true names and capacities, whether individual, corporate, associate or otherwise

11  of DOES 1 through 50 are unknown to Plaintiff who therefore sues these defendants under said

12  fictitious names. Plaintiff is informed and believes that each of the defendants named as a Doe

13  defendant is legally responsible in some manner for the events referred to in this Complaint, is

14  either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or

15  otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the

16  future seek leave of this court to show the true names and capacities of these Doe defendants

17  when it has been ascertained.

18  4.   Plaintiff is informed and believes, and based thereon alleges, that each defendant

19  acted in all respects pertinent to this action as the agent of the other defendants, carried out a

20  joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each

21  defendant are legally attributable to the other defendants.

22  5.   Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or

23  Defendants shall refer to all Defendants, and each of them.

24  ///

25  ///

26  ///

27  ///

28
                                           2
                              **COMPLAINT FOR DAMAGES**

B&G | BROCK & GONZALES

## ALLEGATIONS

6. Plaintiff is of the African American race.

7. Defendant is an international public transport operator, which manages public transportation including bus, rail, bus rapid transit, paratransit, taxi and shuttle services.

8. Plaintiff began his employment with Defendant in or around March 2017. At the time of his wrongful termination on or about August 20, 2019, Plaintiff was employed by Defendant as a Safety Manager.

9. At all times mentioned herein, Plaintiff performed his job duties in an exemplary manner.

10. In or around late November 2018, Plaintiff was promoted to Safety Manager and assigned a new manager.

11. Shortly after Plaintiff's promotion, he quickly realized his new manager was falsifying documentation required by Defendant to prepare for government agencies, including but not limited to the California Department of Transportation. In addition, Plaintiff's new manager asked Plaintiff to either falsify such documentation and/or sign the documents for verification. Of course, Plaintiff refused to falsify documentation and/or sign for verification.

12. When Plaintiff's new manager refused to stop falsifying documentation, Plaintiff complained to Defendant's upper management, including but not limited to the General Manager, Regional Director and Human Resources. Plaintiff is informed and believes his new manager learned about Plaintiff's complaints to Defendant's upper management.

13. Following Plaintiff's complaints to Defendant's upper management, Plaintiff's new manager began a campaign of discrimination and/or retaliation against Plaintiff, including but not limited to constantly and continuously yelling at Plaintiff, over scrutinizing his work, demanding that Plaintiff work extra hours and threatening his employment.

14. As a result of his new manager's discrimination and/or retaliation, Plaintiff continued to complain to Defendant's upper management about the discrimination and/or retaliation.

**COMPLAINT FOR DAMAGES**

B&G | BROCK&
GONZALES

15. In or around March 2019, Plaintiff voluntarily informed Defendant that he was being charged with a crime in another state. At that time, Plaintiff informed Defendant the alleged crime was a misunderstanding and took place several years prior to Plaintiff starting his employment with Defendant. Nonetheless, Plaintiff informed Defendant he had a lawyer and was dealing with the issue.

16. Shortly after Plaintiff notified Defendant about being charged with a crime in another state, Plaintiff learned that his new manager informed another employee of Defendant that she *"can't wait to get rid of his black ass"* (referring to Plaintiff).

17. Moreover, following Plaintiff notifying Defendant about being charged with a crime in another state, Plaintiff is informed and believes Defendant obtained a criminal background check regarding Plaintiff but did not provide Plaintiff proper disclosure and/or provide Plaintiff a means by which Plaintiff may indicate on a written form that Plaintiff wishes to receive a copy of the criminal background check.

18. On or about August 20, 2019, Defendant wrongfully terminated Plaintiff on the grounds that "a recent background check revealed [Plaintiff was] charged with a crime that makes [Plaintiff] ineligible for employment." Indeed, prior to his termination, Plaintiff informed Defendant that the alleged out of state crime that Plaintiff was charged did not result in a conviction.

19. Plaintiff is informed and believes, and based thereon alleges, that Defendant wrongfully terminated Plaintiff on account of being charged with a crime that did not result in conviction and/or his race and/or in retaliation for making complaints about illegal activity and/or refusing to engage in illegal activity and/or protesting discrimination.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

20. On April 24, 2020, Plaintiff filed charges with the State of California, Department of Fair Employment and Housing. The Department of Fair Employment and Housing closed Plaintiff's case in order to allow Plaintiff to pursue his civil remedies under the Fair Employment Housing Act ("FEHA") and issued Plaintiff a right to sue letter the same day

4

COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION

## VIOLATION OF CALIFORNIA LABOR CODE § 432.7, ET SEQ.

### (Against ALL Defendants)

21. Plaintiff incorporates by reference paragraphs 1 through 20, inclusive, of this Complaint as if fully set forth at this place.

22. At all times mentioned herein California Labor Code § 432.7, et seq. was in full force and effect, and was binding on Defendants, and each of them.

23. California Labor Code §432.7 provides in relevant part, "An employer...shall not seek from any source whatsoever, or utilize, as a factor in determining any condition of employment including hiring, promotion, termination, or any apprenticeship training program or any other training program leading to employment, any record of arrest or detention that did not result in conviction, or any record regarding a referral to, and participation in, any pretrial or posttrial diversion program, or concerning a conviction that has been judicially dismissed or ordered sealed pursuant to law, including, but not limited to, Sections 1203.4, 1203.4a, 1203.425, and 1210.1 of the Penal Code."

24. The purpose of the statute prohibiting employers from using "any record of arrest or detention that did not result in conviction" as a factor in an employee's termination is to prevent the misuse of criminal offender records information. Pinheiro v. Civil Service Com. for County of Fresno (App. 5 Dist. 2016) 245 Cal.App.4th 1458.

25. Plaintiff is informed, believes, and based thereon alleges that a substantial factor, if not the sole factor, in Defendant's decision to terminate Plaintiff's employment was because Plaintiff was charged with a crime that did not result in conviction. In fact, Plaintiff is informed and believes Defendant intentionally violated California Labor Code §432.7 as Plaintiff clearly informed Defendant multiple times prior to his wrongful termination that he was not convicted of any crime.

5
COMPLAINT FOR DAMAGES

26. As a proximate result of the aforesaid acts of Defendants and each of them, Plaintiff has lost, and will continue to lose, earnings and fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this court. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest.

27. As a proximate result of the aforesaid acts of Defendants and each of them, Plaintiff has become mentally upset, distressed, embarrassed, humiliated, and aggravated. Plaintiff claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this court.

28. Because the acts taken toward Plaintiff were carried out by Plaintiff's supervisors, who was a managerial employee acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage him, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

29. As a result of the acts of Defendant, Plaintiff is entitled to reasonable attorney's fees, costs of said suit and treble damages as specifically provided in California Code of Civil Procedure §432.7(c).

## SECOND CAUSE OF ACTION

## VIOLATION OF CALIFORNIA CIVIL CODE §1786, ET SEQ.

### (Against ALL Defendants)

30. Plaintiff incorporates by reference paragraphs 1 through 29, inclusive, of this Complaint as if fully set forth at this place.

31. At all times mentioned herein California Civil Code §1786, et seq. was in full force and effect, and was binding on Defendants, and each of them.

32. California Civil Code §1786.16(a)(2) provides, "If, at any time, an investigative consumer report is sought for employment purposes other than suspicion of wrongdoing or

6

**COMPLAINT FOR DAMAGES**

1 misconduct by the subject of the investigation, the person seeking the investigative consumer
2 report may procure the report, or cause the report to be made, only if all of the following apply:
3     a. The person procuring or causing the report to be made has a permissible purpose,
4        as defined in Section 1786.12.
5     b. The person procuring or causing the report to be made provides a clear and
6        conspicuous disclosure in writing to the consumer at any time before the report is
7        procured or caused to be made in a document that consists solely of the
8        disclosure, that:
9          i. An investigative consumer report may be obtained.
10         ii. The permissible purpose of the report is identified.
11        iii. The disclosure may include information on the consumer's character,
12          general reputation, personal characteristics, and mode of living.
13        iv. Identifies the name, address, and telephone number of the investigative
14          consumer reporting agency conducting the investigation.
15        v. Notifies the consumer in writing of the nature and scope of the
16          investigation requested, including a summary of the provisions of Section
17          1786.22.
18        vi. Notifies the consumer of the Internet Web site address of the investigative
19          consumer reporting agency identified in clause (iv), or, if the agency has
20          no Internet Web site address, the telephone number of the agency, where
21          the consumer may find information about the investigative reporting
22          agency's privacy practices, including whether the consumer's personal
23          information will be sent outside the United States or its territories and
24          information that complies with subdivision (d) of Section 1786.20. This
25          clause shall become operative on January 1, 2012.
26     c. The consumer has authorized in writing the procurement of the report."
27
28

**COMPLAINT FOR DAMAGES**

B&G | BROCK & GONZALES

1   33. California Civil Code §1786.16(b)(1) requires that any person "who requests an
2   investigative consumer report" must do as follows:

3       a.  Provide the consumer a means by which the consumer may indicate on a written
4           form, by means of a box to check, that the consumer wishes to receive a copy of
5           any report that is prepared. If the consumer wishes to receive a copy of the report,
6           the recipient of the report shall send a copy of the report to the consumer within
7           three business days of the date that the report is provided to the recipient, who
8           may contract with any other entity to send a copy to the consumer. The notice to
9           request the report may be contained on either the disclosure form, as required by
10          subdivision (a), or a separate consent form. The copy of the report shall contain
11          the name, address, and telephone number of the person who issued the report and
12          how to contact them.

13  34. Defendants failed to comply with these provisions.

14  35. California Civil Code §1786.50 provides, "An investigative consumer reporting
15  agency or user of information that fails to comply with any requirement under this title with
16  respect to an investigative consumer report is liable to the consumer who is the subject of the
17  report in an amount equal to the sum of all the following:

18      a.  Any actual damages sustained by the consumer as a result of the failure or, except
19          in the case of class actions, ten thousand dollars ($10,000), whichever sum is
20          greater.

21  36. As a proximate result of the aforesaid acts of Defendants and each of them, Plaintiff
22  has lost, and will continue to lose, earnings and fringe benefits and has suffered and/or will suffer
23  other actual, consequential and incidental financial losses, in an amount to be proven at trial in
24  excess of the jurisdictional minimum of this court. Plaintiff claims such amounts as damages
25  together with prejudgment interest pursuant to Civil Code section 3287 and/or section 3288
26  and/or any other provision of law providing for prejudgment interest.

27

28

**COMPLAINT FOR DAMAGES**

B&G | BROCK & GONZALES

37. As a proximate result of the aforesaid acts of Defendants and each of them, Plaintiff has become mentally upset, distressed, embarrassed, humiliated, and aggravated. Plaintiff claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this court.

38. Because the acts taken toward Plaintiff were carried out by Plaintiff's supervisors, who was a managerial employee acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage him, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

39. As a result of the acts of Defendant, Plaintiff is entitled to reasonable attorney's fees and costs of said suit as specifically provided in California Civil Code §1786.50.

## THIRD CAUSE OF ACTION

### DISCRIMINATION IN VIOLATION OF THE FEHA

#### (Against ALL Defendants)

40. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 39 of this Complaint.

41. At all times herein mentioned, California Government Code §12940 et seq., the Fair Employment and Housing Act ("FEHA"), was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons.

42. California Government Code §12940(a) requires Defendants to refrain from discriminating against any employee on the basis of race and/or color.

43. Defendants engaged in unlawful employment practices in violation of the FEHA by discriminating against Plaintiff on account of his race and/or color.

44. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff

9

**COMPLAINT FOR DAMAGES**

B&G|BROCK&
GONZALES

1  claims such amounts as damages pursuant to California Civil Code §3287 and/or §3288 and/or

2  any other provision of law providing for prejudgment interest.

3      45.    As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered

4  and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as

5  well as the manifestation of physical symptoms. Plaintiff is informed and believes, and

6  thereupon alleges, that he will continue to experience said physical and emotional suffering for a

7  period in the future not presently ascertainable, all in an amount subject to proof at the time of

8  trial.

9      46.    As a proximate result of the wrongful acts of Defendants, Plaintiff has been

10  forced to hire attorneys to prosecute his claims herein and has incurred and is expected to

11  continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover

12  attorneys' fees and costs under California Government Code §12965(b).

13      47.    Defendant had in place policies and procedures that specifically required

14  Defendant's managers, officers, and agents to prevent discrimination against and upon their

15  employees and/or applicants. Plaintiff relied on the fact that Defendant would follow these

16  known policies, yet Defendant consciously chose not to follow said policies. Therefore,

17  Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard

18  for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each

19  Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the

20  wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive

21  damages against each Defendant in an amount to be established that is appropriate to punish each

22  Defendant and deter others from engaging in such conduct.

23  ///

24  ///

25  ///

26  ///

27  ///

28

**COMPLAINT FOR DAMAGES**

# FOURTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF THE FEHA

### (Against ALL Defendants)

48.   Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 47 of this Complaint.

49.   At all times herein mentioned, the FEHA was in full force and effect and were binding on Defendant, as Defendant regularly employed five or more persons. The FEHA makes it unlawful for any person to retaliate against an employee who has opposed a discriminatory practice and who asserts their rights under the FEHA, including complaining about discriminatory and/or harassing conduct.

50.   Defendant's conduct as alleged above constituted unlawful retaliation in violation of the FEHA.

51.   As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Government Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

52.   As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

53.   As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

11

**COMPLAINT FOR DAMAGES**

1    54.   The actions taken against Plaintiff were carried out and ratified by officers and

2    managers of Defendant. In addition, Defendant had in place policies and procedures that

3    specifically prohibited retaliation and required Defendant's managers, officers, and agents to

4    prevent retaliation. However, Defendant chose to consciously and willfully ignore said policies

5    and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive,

6    and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by

7    each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified,

8    and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be

9    awarded exemplary and punitive damages against each Defendant in an amount to be established

10   that is appropriate to punish each Defendant and deter others from engaging in such conduct in

11   the future.

12                            **FIFTH CAUSE OF ACTION**

13               **FAILURE TO PREVENT IN VIOLATION OF THE FEHA**

14                             **(Against ALL Defendants)**

15   55.   Plaintiff realleges and incorporates herein paragraphs 1 through 54, inclusive, of this

16   Complaint as though fully set forth.

17   56.   At all times mentioned herein, California Government Code Sections 12940, et seq.,

18   including but not limited to Section 12940 (k), was in full force and effect and was binding upon

19   Defendants and each of them. This section imposes on an employer a duty to take all reasonable

20   steps necessary to prevent discrimination and retaliation from occurring, among other things.

21   57.   Defendants failed to take all reasonable steps necessary to prevent discrimination and

22   retaliation from occurring.

23   58.   In failing and/or refusing to take all reasonable steps necessary to prevent

24   discrimination and retaliation from occurring, Defendants violated California Government Code

25   § 12940 (k), causing Plaintiff to suffer damages as set forth above.

26   59.   As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

27   has suffered actual, consequential and incidental financial losses, including without limitation,

28                                    12
                            **COMPLAINT FOR DAMAGES**

B&G | BROCK & GONZALES

loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

60. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

61. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

62. Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent discrimination and harassment against and upon their employees. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

///

///

///

13
COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION
## VIOLATION OF LABOR CODE § 1102.5, ET SEQ.
### (Against ALL Defendants)

63. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 62 of this Complaint.

64. At all times mentioned herein California Labor Code § 1102.5 was in full force and effect, and were binding on Defendants, and each of them.

65. California Labor Code § 1102.5(b) prohibits an employer, or any person acting on behalf of the employer, from retaliating against an employee because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance.

66. California Labor Code § 1102.5(c) prohibits an employer, or any person acting on behalf of the employer, from retaliating against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

67. Plaintiff is informed, believes, and based thereon alleges that a substantial factor, if not the sole factor, in Defendant's decision to terminate Plaintiff's employment was because he disclosed unlawful information to another employee who has the authority to investigate, discover and/or correct the violation and/or Defendants believed he may disclose unlawful information to a government agency.

68. Plaintiff is informed, believes, and based thereon alleges that a substantial factor, if not the sole factor, in Defendant's decision to terminate Plaintiff's employment was because he refused to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

69. As a proximate result of the aforesaid acts of Defendants and each of them, Plaintiff has lost, and will continue to lose, earnings and fringe benefits and has suffered and/or will suffer

14
COMPLAINT FOR DAMAGES

1  other actual, consequential and incidental financial losses, in an amount to be proven at trial in
2  excess of the jurisdictional minimum of this court. Plaintiff claims such amounts as damages
3  together with prejudgment interest pursuant to Civil Code section 3287 and/or section 3288
4  and/or any other provision of law providing for prejudgment interest.

5      70.  As a proximate result of the aforesaid acts of Defendants and each of them, Plaintiff
6  has become mentally upset, distressed, embarrassed, humiliated, and aggravated. Plaintiff claims
7  general damages for such mental and physical distress and aggravation in a sum in excess of the
8  jurisdictional minimum of this court.

9      71.  Because the acts taken toward Plaintiff were carried out by Plaintiff's supervisors,
10 who was a managerial employee acting in a deliberate, cold, callous, cruel and intentional
11 manner, in conscious disregard of Plaintiff's rights and in order to injure and damage him,
12 Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums
13 in excess of the jurisdictional minimum of this court.

14     72.  As a result of the acts of Defendant, Plaintiff is entitled to reasonable attorney's fees
15 and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

16             **SEVENTH CAUSE OF ACTION**
17    **VIOLATION OF CALIFORNIA LABOR CODE § 98.6, ET SEQ.**
18               **(Against ALL Defendants)**

19     73.  Plaintiff restates and incorporates by this reference as if fully set forth herein
20 paragraphs 1 through 72 of this Complaint.

21     74.  At all times mentioned herein California Labor Code § 98.6 was in full force and
22 effect, and were binding on Defendants, and each of them.

23     75.  California Labor Code § 98.6(a) prohibits an employer from discharging or in any
24 manner discriminating, retaliating, or taking any adverse action against any employee or
25 applicant for employment because the employee or applicant engaged in any conduct delineated
26 in certain sections of the Labor Code, including California Labor Code §§ 1102.5, or because the
27 employee or applicant for employment has filed a bona fide complaint or claim or instituted or

28              15
            **COMPLAINT FOR DAMAGES**

1 caused to be instituted any proceeding under or relating to his or her rights that are under the
2 jurisdiction of the Labor Commissioner.

3     76.   Defendant violated California Labor Code § 98.6.

4     77.   As a result, Plaintiff entitled to reinstatement and reimbursement for lost wages and
5 work benefits caused Defendant, pursuant to California Labor Code § 98.6(b)(1).

6     78.   In addition, Defendant is liable for a civil penalty of ten thousand dollars ($10,000),
7 pursuant to California Labor Code § 98.6(b)(3).

8     79.   Plaintiff is entitled to reasonable attorney's fees and costs of said suit as specifically
9 provided in California Code of Civil Procedure §1021.5.

10 **EIGHTH CAUSE OF ACTION**

11 **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

12 **(Against ALL Defendants)**

13     80.   Plaintiff restates and incorporates by this reference as if fully set forth herein
14 paragraphs 1 through 79 of this Complaint.

15     81.   At all times mentioned, the public policy of the State of California, as codified,
16 expressed and mandated in California Labor Code §432.7 prohibits employers from using "any
17 record of arrest or detention that did not result in conviction" as a factor in an employee's
18 termination and to prevent the misuse of criminal offender records information. Accordingly, the
19 actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and
20 described herein were wrongful and in contravention of the express public policy of the State of
21 California, to wit, the policy set forth within California Labor Code §432.7, and the laws and
22 regulations promulgated thereunder.

23     82.   At all times mentioned, the public policy of the State of California, as codified,
24 expressed and mandated in the FEHA is to prohibit employers from discriminating against any
25 individual on the basis of race and/or retaliating against any individual on the basis of
26 complaining about race discrimination and/or harassment. This public policy of the State of
27 California is designed to protect all employees and to promote the welfare and well-being of the

28

16
**COMPLAINT FOR DAMAGES**

B&G|BROCK&
GONZALES

1  community at large. Accordingly, the actions of Defendants, and each of them, in terminating
2  Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the
3  express public policy of the State of California, to wit, the policy set forth in the FEHA, and the
4  laws and regulations promulgated thereunder.

5      83. At all times mentioned, the public policy of the State of California, as codified,
6  expressed and mandated in California Labor Code § 1102.5(b) prohibits an employer, or any
7  person acting on behalf of the employer, from retaliating against an employee because the
8  employer believes that the employee disclosed or may disclose information, to a government or
9  law enforcement agency, to a person with authority over the employee or another employee who
10 has the authority to investigate, discover, or correct the violation or noncompliance.

11     84. At all times mentioned, the public policy of the State of California, as codified,
12 expressed and mandated in California Labor Code §1102.5(c) prohibits an employer, or any
13 person acting on behalf of the employer, from retaliating against an employee for refusing to
14 participate in an activity that would result in a violation of state or federal statute, or a violation
15 of or noncompliance with a local, state, or federal rule or regulation.

16     85. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff
17 has suffered actual, consequential and incidental financial losses, including without limitation,
18 loss of salary and benefits, and the intangible loss of employment related opportunities in his
19 field and damage to his professional reputation, all in an amount subject to proof at the time of
20 trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288
21 and/or any other provision of law providing for prejudgment interest.

22     86. As a proximate result of the aforesaid acts of Defendants and each of them, Plaintiff
23 has become mentally upset, distressed, embarrassed, humiliated, and aggravated. Plaintiff claims
24 general damages for such mental and physical distress and aggravation in a sum in excess of the
25 jurisdictional minimum of this court

26     87. The actions taken against Plaintiff were carried out and ratified by officers and
27 managers of Defendants. In addition, Defendants had in place policies and procedures that

28

**COMPLAINT FOR DAMAGES**

B&G|BROCK&
|GONZALES

1   specifically prohibited discrimination and retaliation based on age and required Defendants'
2   managers, officers, and agents to prevent discrimination and retaliation against and upon
3   employees of Defendants. However, Defendants chose to consciously and willfully ignore said
4   policies and procedures and therefore, their outrageous conduct was fraudulent, malicious,
5   oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties
6   owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized,
7   ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should,
8   therefore, be awarded exemplary and punitive damages against each Defendant in an amount to
9   be established that is appropriate to punish each Defendant and deter others from engaging in
10  such conduct in the future.

11  ### NINTH CAUSE OF ACTION
12  ### VIOLATION OF CALIFORNIA LABOR CODE §226
13  ### (Against ALL Defendants)

14      88.   Plaintiff restates and incorporates by this reference as if fully set forth herein
15  paragraphs 1 through 87 of this Complaint.

16      89.   California Labor Code § 226 requires employers to maintain true and accurate
17  records and provide an itemized statement to the employee including among other items, the rate
18  of pay and hours worked, and to provide such information if requested. Plaintiff properly
19  requested this information, but it was never provided.

20      90.   Subsection (b) of Labor Code § 226 requires that upon request from an employee,
21  and employer must afford the employee the right to inspect or copy the records pertaining to that
22  employee. Defendant, to date, has ignored Plaintiff's request to inspect such records.

23      91.   Subsection (e) of Labor Code § 226 allows recovery to an employee suffering injury
24  as a result of a knowing and intentional failure by an employer to comply entitling the employee
25  to penalties, reasonable attorney's fees, and costs.

26  ///
27  ///

28
                                                    18
                                        **COMPLAINT FOR DAMAGES**

## TENTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA LABOR CODE §1198.5

### (Against ALL Defendants)

92.   Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 91 of this Complaint.

93.   California Labor Code § 1198.5 states that employees (and former employees) have the right to inspect personnel records maintained by the employer "related to the employee's performance or to any grievance concerning the employee." Employers must allow inspection or copying within thirty (30) days of the request, which can be made by the employee or their representative (often an attorney). That time period can be extended by five (5) days by mutual agreement.

94.   Plaintiff requested to inspect his personnel file; but was not allowed to do so. Labor Code §1198.5 allows recovery to an employee suffering injury as a result of a knowing and intentional failure by an employer to comply entitling the employee to penalties, reasonable attorney's fees, and costs.

**WHEREFORE, Plaintiff prays for judgment as follows:**

   1.   For general damages according to proof;

   2.   For special damages according to proof;

   3.   For punitive damages;

   4.   For medical expenses and related items of expense, according to proof;

   5.   For loss of earnings, according to proof;

   6.   For attorneys' fees, according to proof;

   7.   For civil penalties, according to proof;

   8.   For prejudgment interest, according to proof;

   9.   For costs of suit incurred herein; and

   10. For such other relief and the Court may deem just and proper.

19·

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED:  April 24, 2020          BROCK & GONZALES, LLP

                                By: _____
                                    TIMOTHY J. GONZALES
                                    D. AARON BROCK
                                    Attorneys for Plaintiff

**COMPLAINT FOR DAMAGES**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Timothy J. Gonzales, SBN:234923, D. Aaron Brock SBN: 241919<br>Brock & Gonzales LLP<br>6701 Center Drive West, Ste. 610, Los Angeles, CA 90045<br><br>TELEPHONE NO.: (310) 294-9595    FAX NO. *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff, Roderick Malone | FOR COURT USE ONLY<br><br>**Electronically**<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON    **4/24/2020**<br><br>By    **/s/ Mia Marlowe**<br>**Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, 94063
BRANCH NAME: Southern Hall of Justice

CASE NAME:
Roderick Malone v. Transdev Business Solutions Inc., et al.

| CIVIL CASE COVER SHEET<br>[x] Unlimited   [ ] Limited<br>(Amount              (Amount<br>demanded           demanded is<br>exceeds $25,000)   $25,000) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>20-CIV-01761<br><br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[x] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 10
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 04/24/2020

Timothy J. Gonzales
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases. In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)
Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death)

**Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability (not asbestos or toxic/environmental) (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
Non-PI/PD/WD (Other) Tort
    Business Tort/Unfair Business Practice (07)
    Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
    Defamation (e.g., slander, libel) (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice (not medical or legal)
    Other Non-PI/PD/WD Tort (35)
**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
    Contract/Warranty Breach–Seller Plaintiff (not fraud or negligence)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (not provisionally complex) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (not eminent domain, landlord/tenant, or foreclosure)
**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)
**Judicial Review**
    Asset Forfeiture (05)
    Petition Re: Arbitration Award (11)
    Writ of Mandate (02)
        Writ–Administrative Mandamus
        Writ–Mandamus on Limited Court Case Matter
        Writ–Other Limited Court Case Review
    Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)
**Enforcement of Judgment**
    Enforcement of Judgment (20)
        Abstract of Judgment (Out of County)
        Confession of Judgment (non-domestic relations)
        Sister State Judgment
        Administrative Agency Award (not unpaid taxes)
        Petition/Certification of Entry of Judgment on Unpaid Taxes
        Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint (not specified above) (42)
        Declaratory Relief Only
        Injunctive Relief Only (non-harassment)
        Mechanics Lien
        Other Commercial Complaint Case (non-tort/non-complex)
        Other Civil Complaint (non-tort/non-complex)
**Miscellaneous Civil Petition**
    Partnership and Corporate Governance (21)
    Other Petition (not specified above) (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief From Late Claim
        Other Civil Petition

**CIVIL CASE COVER SHEET**

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form | Clear this form |



**ENDORSED FILED**
SAN MATEO COUNTY

APR 2 9 2020

Clerk of the Superior Court
By_____Ivana Petani_____
DEPUTY CLERK

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Roderick Malone _____    Case No:  20-CIV-01761

vs.

Transdev Business Solutions Inc. _____    Date and  Thursday, 08/27/2020
Time:  at 9:00 AM

Dept.:  11

You are hereby given notice of your Case Management Conference.  The date, time and department have been written above.

1. You are hereby given notice of your Case Management Conference.  The date, time and department are noted above:
    a) Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201.7).
    b) Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action. Documents are available under the online under the CIVIL CMC Packet section at: http://sanmateocourt.org/court_divisions/civil/
    c) File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC 212(g)].  Failure to do so may result in monetary sanctions.
    d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30-days before the date set for the Case Management Conference.

2. If you fail to follow the orders above, you are ordered to show cause as to why you should not be sanctioned.  The order to Show Cause hearing will be at the same time as the Case Management Conference hearing.  Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3. Parties may proceed to an Appropriate Dispute Resolution process ("ADR") by filing a Civil Stipulation and Order to ADR Form and Order. You may find this form and information regarding the Civil ADR Program online at http://sanmateocourt.org/court_divisions/adr/civil/

4. If you have filed a default or a judgment has been entered, your case may not automatically be taken off Case Management Conference Calendar if there are any parties pending, including "Does", "Roes," etc.  If "Does", "Roes," etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

5. All attorneys of record and self-represented parties are required to attend this conference*

6. The Case Management judge will issue orders at the conclusion of the conference that may include:
    a) Referring parties to voluntary ADR and setting an ADR completion date;
    b) Dismissing or serving claims or parties;
    c) Setting a trial date.

7. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at: www.sanmateocourt.org

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information).

EXHIBIT B

 CT Corporation

**TO:**     Beverly Wedin, Manager, Legal Department
Transdev North America, Inc.
720 E Butterfield Rd Ste 300
Lombard, IL 60148-5601

**RE:**     **Process Served in California**

**FOR:**    Transdev Business Solutions, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RODERICK MALONE, ETC., PLTF. vs. TRANSDEV BUSINESS SOLUTIONS INC., ETC., ET AL., DFTS.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20CIV01761 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/12/2020 at 11:06 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/12/2020, Expected Purge Date: 05/17/2020 |
| | Image SOP |
| | Email Notification, Beverly Wedin  beverly.wedin@transdev.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>155 Federal St Ste 700<br>Boston, MA 02110-1727 |
| **For Questions:** | 800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

EXHIBIT C

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON          6/10/2020
By          /s/ Mia Marlowe
                    Deputy Clerk

1   PAUL M. GLEASON (SBN: 155569)
    TOREY JOSEPH FAVAROTE (SBN: 198521)
2   JING TONG (SBN: 285061)
    GLEASON & FAVAROTE, LLP
3   4014 Long Beach Blvd., Suite 300
    Long Beach, California 90807
4   Telephone:    (213) 452-0510
    Facsimile:    (213) 452-0514
5   pgleason@gleasonfavarote.com
    tfavarote@gleasonfavarote.com
6   jtong@gleasonfavarote.com

7   Attorneys for Defendant
    TRANSDEV BUSINESS SOLUTIONS INC.
8

9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11              **FOR THE COUNTY OF SAN MATEO**

12

13  RODERICK MALONE, an individual,          ) Case No. 20-CIV-01761
                                             )
14              Plaintiff,                   ) **DEFENDANT TRANSDEV BUSINESS**
                                             ) **SOLUTIONS INC.'S ANSWER TO**
15      vs.                                  ) **PLAINTIFF RODERICK MALONE'S**
                                             ) **COMPLAINT**
16  TRANSDEV BUSINESS SOLUTIONS INC.,        )
17  a Delaware Corporation; and DOES 1-50,   )
    inclusive,                               )
18                                           )
                Defendants.                  )
19                                           )
                                             )
20                                           )
                                             )
21                                           ) Action Filed:    April 24, 2020
                                             ) Trial Date:      None
22  _____ )

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

────────────────────────────────────────────────────

1  **TO PLAINTIFF RODERICK MALONE AND HIS ATTORNEY'S OF RECORD:**

2      Defendant Transdev Business Solutions, Inc. ("Defendant") hereby answers the unverified

3  Complaint ("Complaint") filed by plaintiff Roderick Malone ("Plaintiff") as follows:

4                                **GENERAL DENIAL**

5      Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure,

6  Defendant generally denies each and every allegation and cause of action contained in Plaintiff's

7  Complaint, and further denies that Plaintiff has been damaged in any manner or amount, or at all,

8  as a result of any act or omission by Defendant.

9      Additionally, Defendant asserts the following affirmative defenses and prays for judgment

10 as set forth below:

11                          **FIRST AFFIRMATIVE DEFENSE**

12                            (Failure to State a Claim)

13     1.    As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges

14 that Plaintiff has failed to state a claim upon which relief can be granted.

15                         **SECOND AFFIRMATIVE DEFENSE**

16            (Failure to Exhaust Administrative and Contractual Remedies)

17     2.    As a separate and affirmative defense to Plaintiff's Complaint, Defendant is

18 informed and believes, and based upon such information and belief alleges, that Plaintiff has failed

19 to exhaust his administrative and contractual remedies, including but not limited to those set forth

20 in California Government Code Section 12940, *et seq*.

21                          **THIRD AFFIRMATIVE DEFENSE**

22                          (Allegations Time-Barred)

23     3.    As a separate and affirmative defense to Plaintiff's Complaint, the court lacks

24 jurisdiction to the extent that Plaintiff makes allegations or claims with respect to a time period

25 more than three years before the date on which Plaintiff allegedly filed a complaint with the DFEH

26 or which were not made the subject of a timely DFEH complaint. Cal. Gov't Code 12900 *et. seq*.

27 ///

28 ///

**DEFENDANT TRANSDEV SERVICES, INC.'S ANSWER TO PLAINTIFF RODERICK MALONE'S COMPLAINT**

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

4.     As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges that the claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to Government Code sections 12960 and 12965 and California Code of Civil Procedure sections 335.1.

## FIFTH AFFIRMATIVE DEFENSE

### (Doctrine of Laches)

5.     As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges that Plaintiff's claims, are barred, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6.     As a separate and affirmative defense to Plaintiff's Complaint, Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff has or had unclean hands with respect to the matters alleged in his Complaint, and on that ground, is barred from recovering any relief on his Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7.     As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges that Plaintiff is barred, in whole or in part, for the reason that, by his actions, Plaintiff is estopped from bringing any claim for relief against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

8.     As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges that Plaintiff is barred in whole or in part, by the doctrine of accord and satisfaction.

## NINTH AFFIRMATIVE DEFENSE

### (Release)

9.     As a separate and affirmative defense to Plaintiff's Complaint, Defendant is

2.

informed and believes, and based upon such information and belief alleges, that Plaintiff's Complaint is barred, in whole or in part, by the doctrine of release.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver)

10.    As a separate and affirmative defense to Plaintiff's Complaint, Defendant is informed and believes, and based upon such information and belief alleges, that by his conduct, Plaintiff has waived any right to recover any relief by his Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Consent)

11.    As a separate and affirmative defense to Plaintiff's Complaint, Plaintiff's claims are barred, in whole or in part, because Plaintiff consented to, approved, or participated in the alleged conduct about which Plaintiff now complains.

## TWELFTH AFFIRMATIVE DEFENSE

### (Ratification)

12.    As a separate and affirmative defense to Plaintiff's Complaint, on information and belief, Plaintiff or someone acting or purporting to act on Plaintiff's behalf ratified the actions of Defendant about which Plaintiff now complains and therefore, Plaintiff cannot now assert some or all of the claims arising out of such matters.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (At-Will Employee)

13.    As a separate and affirmative defense to Plaintiff's complaint, Defendant alleges that Plaintiff was an at will employee, that Plaintiff agreed and understood that he was an at will employee in which his employment was not guaranteed and could be terminated at any time by either the employee or employer for any reason or no reason, with or without notice or cause, provided that it is not for an unlawful reason. Defendant alleges it did not terminate Plaintiff for any unlawful reason.

///

///

3.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Failure to Notify)

14.     As a separate and affirmative defense to Plaintiff's complaint, Plaintiff's claims, are barred, in whole or in part, because Plaintiff failed to notify the appropriate management personnel of the allegedly improper conduct that forms the basis of the Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(No Intent to Discriminate or Retaliate)

15.     As a separate and affirmative defense to Plaintiff's Complaint, Plaintiff's claims are barred in whole, or in part, because the conduct at issue was taken in good faith without any intent to discriminate or retaliate against Plaintiff in any manner prohibited by the Fair Employment and Housing Act ("FEHA"), the California Labor Code, or any other law or public policy.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(No Evidence of Substantial Negative Reliance on Illegitimate Criterion)

16.     As a separate and affirmative defense to Plaintiff's Complaint, Plaintiff's claims are barred, in whole or in part, because Plaintiff has no direct evidence that Defendant placed substantial negative reliance on any illegitimate criterion in taking any alleged adverse action with respect to Plaintiff's employment.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Reasonable Care)

17.     As a separate and affirmative defense to Plaintiff's Complaint, Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct discriminatory and/or retaliatory behavior, if any.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Not the Employer)

18.     Defendant Transdev Business Solutions Inc. was not Plaintiff's employer.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Good Faith Efforts to Enforce Policy)

19.     As a separate and affirmative defense to Plaintiff's Complaint, Plaintiff is barred

4.

from recovering punitive damages because Defendant had in place a policy to prevent discrimination and/or retaliation in its workplace and made good faith efforts to implement and enforce that policy.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Business Necessity)

20. As a separate and affirmative defense to Plaintiff's Complaint, Plaintiff's claims are barred, in whole or in part, in that Defendant acted at all relevant times out of business necessity.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Legitimate Business Reason)

21. As a separate and affirmative defense to Plaintiff's Complaint, Plaintiff's claims contained therein are barred, in whole or in part, because Defendant had an honest, good faith belief that all decisions, if any, affecting Plaintiff were made by Defendant solely for legitimate, business-related reasons that were neither arbitrary, capricious, nor unlawful and were reasonably based upon the facts as Defendant understood them.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Mixed Motive)

22. As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges, assuming *arguendo,* that there was a violation of the FEHA and/or other violation of law, Plaintiff's claims remain barred, in whole or in part, because even without any said impermissible factor, all employment actions taken herein still would have been taken due to work performance reasons and/or other legitimate, nonprohibited, and/or independent reason(s). Defendant herewith raises the "mixed-motive" defense.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Managerial Discretion)

23. As a separate and affirmative defense, Plaintiff's claims are barred, in whole or in part, because the conduct giving rise to the allegations in the Complaint was a just and proper exercise of managerial discretion by Defendant and undertaken for fair and honest reasons under the circumstances.

5.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Failure to Take Advantage of Preventive/Corrective Opportunities)

24. As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges that at all times relevant hereto, Defendant exercised reasonable care to prevent and correct promptly any purportedly discriminatory or retaliatory behavior, and to the extent Plaintiff unreasonably failed to take advantage of any preventative and/or corrective opportunities provided by Defendant or to avoid harm otherwise, Plaintiff's claim is barred.

## TWENTY-FIVE AFFIRMATIVE DEFENSE

(Good Faith)

25. As a separate and affirmative defense to Plaintiff's Complaint, Defendant acted in good faith and had reasonable grounds for believing that its actions were in compliance with the California Labor Code.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

26. As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges that Plaintiff's right to recovery is barred in whole or in part by the doctrine of After-Acquired Evidence.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Federal Preemption)

27. As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges that to the extent Plaintiff's claims involve conduct that is or seek remedies that are governed or regulated by federal law or a collective bargaining agreement, such claims are preempted.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(California Workers Compensation Act Exclusivity)

28. As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges that if Plaintiff sustained damages by reasons of the allegations in the Complaint, which allegations are denied, Plaintiff's exclusive remedy for such damages are governed by the California Workers' Compensation Act. Cal. Labor Code §§ 3200, *et seq.* and §§ 3600, *et seq.*

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

29.     As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges that if Plaintiff sustained damages by reason of the allegations in the Complaint, which allegations are denied, then Plaintiff may not recover for such damages because by his own acts and omissions, he has failed to properly mitigate those damages.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Speculative Damages)

30.     As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action contained therein, Defendant alleges that Plaintiff's claims for damages are precluded to the extent those alleged damages are speculative.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Unjust, Arbitrary, Oppressive and Confiscatory Recovery)

31.     As a separate and affirmative defense to Plaintiff's Complaint, Plaintiff is not entitled to recover any civil penalties, and/or any recovery of penalties should be reduced because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive or confiscatory.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Allege Facts Sufficient to Sustain Punitive Damages)

32.     As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges that the Complaint fails to allege facts or claims sufficient to sustain the imposition of punitive damages against the Defendant pursuant to California Civil Code section 3294.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Allege Facts Sufficient for Attorneys' Fees Recovery)

33.     As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges that said Complaint fails to allege facts sufficient to allow recovery of attorneys' fees and/or costs from Defendant.

///

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Attorneys' Fees not Recoverable)

34.   As a separate and affirmative defense to Plaintiff's Complaint, Plaintiff is precluded from recovering attorneys' fees from Defendant under applicable provisions of law.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Claims for Penalties and Punitive Damages are Barred)

35.   As a separate and affirmative defense to Plaintiff's complaint and to every cause of action alleged therein, Plaintiff is precluded from recovering penalties and/or punitive damages, in whole or in part, from Defendant under the applicable provisions of the law, the due process clause of the California and United States Constitutions, and the Fourteenth Amendment to the United States Constitution, section 1. Finally, defendant did not authorize or ratify any wrongful conduct.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Right to Amend Answer)

36.   As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action contained therein, Defendant alleges that it has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, separate defenses available. Defendant reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories, which may or will be divulged through clarification of Plaintiff's vague Complaint, through discovery, or through further legal analysis of Plaintiff's positions in this litigation.

Dated: June 10, 2020

GLEASON & FAVAROTE, LLP
PAUL M. GLEASON
TOREY JOSEPH FAVAROTE
JING TONG

By:_____
                 Jing Tong

Attorneys for Defendant TRANSDEV
BUSINESS SOLUTIONS INC.

## PROOF OF SERVICE

I, Linda Montemayor, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Gleason & Favarote, LLP, 4014 Long Beach Blvd., Suite 300, Long Beach, CA 90807.

On June 10, 2020, I served a copy(ies) of the following document(s):

**DEFENDANT TRANSDEV BUSINESS SOLUTIONS INC.'S ANSWER TO PLAINTIFF RODERICK MALONE'S COMPLAINT**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Timothy J. Gonzales<br>D. Aaron Brock<br>BROCK & GONZALES, LLP<br>6701 Center Drive West, Ste, 610<br>Los Angeles, CA 90045<br>Tel: (310) 294-9595<br>Fax: (310) 961-3673<br>tg@brockgonzales.com<br>ab@brockgonzales.com | Attorneys for Plaintiff,<br>RODERICK MALONE | Electronic Service |

☒ [BY DESIGNATED ELECTRONIC FILING SERVICE] I hereby certify that the above-referenced document(s) were served electronically on the parties listed herein at their most recent known email address or email of record by submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at www.onelegal.com.

☐ [BY MAIL] I placed the sealed envelope(s) for collection and mailing by following the ordinary business practice of Gleason & Favarote, LLP, Long Beach, California. I am readily familiar with Gleason & Favarote, LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

☐ [BY OVERNIGHT COURIER] I caused the sealed envelope(s) to be delivered by a commercial courier service for overnight delivery to the offices of the addressee(s).

☐ [BY HAND] I directed the sealed envelope(s) to the party(ies) so designated on the service list to be delivered by Ace Attorney Service, Inc. this date.

☐ [BY FACSIMILE TRANSMISSION] I caused said document to be sent by facsimile transmission to the fax number indicated for the party(ies) listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct, and that this declaration was executed on June 10, 2020, at Long Beach, California.

_____
Linda Montemayor

EXHIBIT D

# DECLARATION OF ANNA FUENTES

I, Anna Fuentes, declare that:

1. I am currently employed by Transdev Services, Inc. ("Transdev") as a Director of Human Resources and prior to my current position I was the Human Resources Manager for Transdev. I have held the Director position since August 15, 2012 and have worked for Transdev (formerly known as Veolia Transportation Services, Inc.) since November 1, 2010. I have personal knowledge of the facts set forth in this declaration, or know them in my capacity as an employee of Transdev, based on records maintained by Transdev and Transdev Business Solutions, Inc. in the regular course of business and according to its regular practice of keeping those records, and could and would competently testify to them under oath if called as a witness.

2. I am informed and believe that the corporate records of Transdev and Transdev Business Solutions, Inc. are maintained in the regular course of business, that entries are made in the corporate records at or near the time of the transactions shown, and that the transactions are entered by the individuals responsible for the processing and tracking of said information.

3. I am informed and believe that Transdev Business Solutions, Inc.'s state of incorporation is Maryland.

4. Transdev Business Solutions, Inc.'s headquarters, including executive and senior management personnel as well as its primary management operations, are located in Illinois and the corporate officers of Transdev Business Solutions, Inc. actually direct, control, and coordinate its corporate activities from its offices in Illinois. The corporate human resources department, employee benefits department, legal department, procurement department, accounting department, and IT department utilized by Transdev Business Solutions, Inc. are all located in Illinois.

5. As the Director of Human Resources, I have access to the employee records of current and former Transdev employees, including payroll records. I was

1.

able to pull the payroll records for Roderick Malone. Mr. Malone was terminated from his employment with Transdev on August 20, 2019. According to Transdev's payroll records for Mr. Malone, his last bi-weekly pay was approximately $2,136.75 and his gross wages for the year 2019 were $49,794.52. Mr. Malone also received medical benefits as an employee of Transdev.

I testify under penalty of perjury under the laws of the state of California and of the United States of America that the foregoing is true and correct and that this declaration was executed by me on June 9, 2020 at Diamond Bar, CA.

Anna Fuentes

DECLARATION OF ANNA FUENTES IN SUPPORT OF TRANSDEV BUSINESS SOLUTIONS, INC.'S NOTICE OF REMOVAL

# PROOF OF SERVICE

I, Linda Montemayor, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Gleason & Favarote, LLP, 4014 Long Beach Boulevard, Suite 300, Long Beach, CA 90807.

On June 11, 2020, I served a copy(ies) of the following document(s):
**DECLARATION OF JING TONG IN SUPPORT OF TRANSDEV BUSINESS SOLUTIONS, INC.'S NOTICE OF REMOVAL**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Timothy J. Gonzales<br>D. Aaron Brock<br>BROCK & GONZALES, LLP<br>6701 Center Drive West, Ste, 610<br>Los Angeles, CA 90045<br>Tel: (310) 294-9595<br>Fax: (310) 961-3673<br>tg@brockgonzales.com<br>ab@brockgonzales.com | Attorneys for Plaintiff,<br>RODERICK MALONE | First Class<br>Mail and<br>Electronic<br>Mail |
| ☒ | [BY MAIL] I placed the sealed envelope(s) for collection and mailing by following the ordinary business practice of Gleason & Favarote, LLP, Long Beach, California. I am readily familiar with Gleason & Favarote, LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection. | |
| ☒ | [BY ELECTRONIC SERVICE] I hereby certify that the above-referenced document(s) were served electronically on the parties listed herein at their most recent known email address or email of record listed above. | |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and this declaration was executed on June 11, 2020, at Long Beach, California

_____
Linda Montemayor

1.